IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-130 GMS |
| ASHLEY N. HARRISON, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Ashley N. Harrison, by and through her attorney, Raymond Radulski, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to waive indictment and plead guilty in the United States District Court for the District of Delaware to Count I of a Felony Information. Count I charges the defendant with knowingly using a communication facility, to wit, a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code Sections 841(a), (b)(1)(A) and 846, to wit, conspiracy to distribute more than fifty grams of a mixture and substance containing a detectable amount of cocaine base. The defendant understands that the maximum penalties for Count I are four years imprisonment, a $250,000 fine, 1 year supervised release, and a $100 special assessment. The United States agrees to dismiss Count I of the Indictment in Criminal Action No. 06-50 GMS as to defendant Ashley N. Harrison about the time of sentencing in this case.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which she is pleading guilty, that is, for Count I : (1) on or about March 16, 2006, the defendant knowingly used a "communication facility"; and (2) the defendant did so with the intent to facilitate the commission of the offense of maintaining a drug-involved premises. The defendant specifically admits that on March 16, 2006, she called W.B. and told him that she had been confronted by an employee of the housing complex where she resided and that this employee said that the employee was aware that a man named "Willie" was distributing drugs from her residence. Prior to making the call to W.B. on March 16, 2006, the defendant was aware that W.B. distributed drugs, and that he occasionally distributed drugs from her residence. The defendant knew at the time she placed the call on March 16, 2006, that the information she was providing to W.B. would put W.B. on notice that his drug distribution activities at the defendant's residence were now known to the housing complex authorities.

3. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

4. The defendant agrees to pay the $100 special assessment the day of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of

Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

    5.    The defendant agrees to cooperate fully and truthfully with the Government as follows:

    a.    The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if she testifies untruthfully in any material way she can be prosecuted for perjury.

    b.    The defendant agrees to provide all information concerning her knowledge of, and participation in, the subject matter of the Felony Information in this case and the Indictment in Cr. A. No. 06-50 GMS of which she has knowledge, and any other crimes about which she has knowledge. The defendant further understands and agrees that (I) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

    c.    The defendant agrees to provide the government with information concerning any bank accounts in her name or in the name of another in which sums are deposited by or at the direction of the defendant, and information about her state and federal taxes in the last seven years, including her state and federal tax returns. The defendant further agrees to provide all names, aliases and social security numbers presently or previously used by her. Defendant understands that her assets, if any exist,

may be subject to civil or criminal forfeiture proceedings.

d.  The defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

e.  The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.  The defendant agrees to hold herself reasonably available for any interviews as the government may require.

g.  The defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any crime.

h.  The defendant understands that her cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

I.  To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.  The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which

the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of her cooperation, and this information may be used as evidence against her. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by her.

6. If the government in its sole discretion determines that the defendant has fulfilled her obligations of cooperation as set forth above, at the time of sentencing, the government will:

    a. Make the nature and extent of the defendant's cooperation known to the Court.

    b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, only if the government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that, as of the date of this Memorandum of Plea Agreement, the government has not yet determined whether her conduct qualifies for a government motion pursuant to U.S.S.G. § 5K1.1. Should the government file a motion under U.S.S.G. 5K1.1, the government agrees that it will recommend a sentence of time-served.

    c. The defendant further understands that the government in its sole discretion will decide whether and how to investigate any information provided by her. The defendant further understands that if she breaches

this agreement in any way, including by committing a new crime after the date of this agreement, the government will not file a substantial assistance motion.

    d.    Make whatever sentencing recommendation the government deems appropriate.

7.    The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which she may testify.

8.    The defendant understands that if it is discovered that statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government. Whether any untruth is considered material is a determination that the government will make in its sole discretion.

9.    The defendant agrees to join in any reasonable request of the Government to postpone entry of this guilty plea, or to postpone sentencing. The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

10.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Raymond Radulski, Esquire
Attorney for Defendant

By: _____
Douglas E. McCann
Assistant U.S. Attorneys

_____
Ashley N. Harrison
Defendant

Dated: 10/11/07

AND NOW, this 11th day of Oct, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

FILED
OCT 1 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

7